IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEONARD GRAY : 
 : 
   v. : CIVIL NO. CCB-10-3000
 : 
THE WALT DISNEY CO., ET AL. : 

...o0o...

## MEMORANDUM

Plaintiffs bring this suit against their former employer, Zone Enterprises of Maryland, LLC ("Zone"), and its parent The Walt Disney Company ("Disney"). The issues have been fully briefed and were argued on April 26, 2011. In the interests of providing a more prompt decision, I will assume familiarity with the factual record and memoranda. My rulings follow.

First, Disney moves to dismiss for lack of personal jurisdiction. Whether the plaintiffs can provide proof that the corporate veil should be pierced to permit attribution of Zone's actions to Disney is a close question, involving an analysis of whether "the parent exerts considerable control over the activities of the subsidiary," *Mylan Labs, Inc. v. Akzo*, *N.V.*, 2 F.3d 56, 61 (4th Cir. 1993). Because the case will be proceeding in this court, at least as to Zone, and because the plaintiffs have proffered some facts suggesting Disney's involvement with their terms of employment and the termination decisions at issue, the motion as to personal jurisdiction will be denied without prejudice to permit jurisdictional discovery by the plaintiffs before a final determination is made.

Second, the defendants moved to dismiss or for summary judgment on the plaintiffs' claim under the WARN Act. The plaintiffs were notified on June 16, 2010, that the Baltimore ESPN Zone was closing immediately. They were placed on "administrative leave" for 60 days during which they received paychecks based on the weekly average of their total hours for the

six-month period preceding the shutdown. On August 15, 2010, the employees were formally terminated. Severance payments to which some employees otherwise might have been entitled were reduced by the amounts of the WARN Act payments.

The defendants correctly contend that, under Fourth Circuit law, the Act protects "employees' expectation of wages and benefits, not their expectation of performing work." *Long v. Dunlop Sports Grp. Am., Inc.*, 506 F.3d 299, 303 (4th Cir. 2007) (emphasis in original). Thus, where a manufacturer provided notice at the time of shutdown but "for the next 60 days continued to pay full wages and benefits," *id.* at 300 (emphasis added), the Act was satisfied. *See also Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 2007) ("*Fully-paid excused leave complies with [the WARN Act's] purposes.*" (emphasis added)); Worker Adjustment and Retraining Notification, 54 Fed. Reg. 16042, 16048 (Apr. 20, 1989) ("The question also has been raised as to whether an employment loss occurs if an employee *retains full pay and benefits* . . . but is not required to report to work. DOL notes that neither WARN nor the regulations dictate the nature of work to be performed—or whether work must be performed—during a period of employment after notice of an impending plan closing or mass layoff has been given." (emphasis added)). In this case, however, the plaintiffs plausibly assert that they would have earned significantly more money during the summer months if the ESPN Zone remained open than they did over the preceding six months, which included the slower winter season and unusually severe winter snowstorms that caused early shutdowns or closings.[1] *Long* is therefore distinguishable.

The amount paid by Zone was not based on the make-whole compensatory provisions of the Act, which requires the higher of a three-year average or the "final regular rate." 29 U.S.C. §

---

[1] An employee has sufficient personal knowledge of his or her working schedule to make at least this portion of their affidavits admissible.

2104(a)(1)(A). Without discovery, it is not clear whether the alleged reduction in pay, combined with the offset of severance, may have amounted to a constructive termination triggering the compensatory provisions of the Act. Further, there are factual questions about the "voluntary and unconditional" nature of the severance payments used to offset WARN Act payments. Accordingly, the defendants' motion to dismiss or for summary judgment will be denied by separate Order.

<u>May 27, 2011</u>                   <u>　　　/s/　　　　　</u>
    Date                              Catherine C. Blake
                                         United States District Judge