IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| LEONARD GRAY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:10-cv-03000-CCB |
| | ) |
| THE WALT DISNEY COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**JOINT PROPOSED SCHEDULE**

Plaintiffs Leonard Gray, Lee Evans, Debra Harris, Krystal Payton, and Gary Scott, individually and on behalf of a proposed class of similarly situated plaintiffs, and Defendants The Walt Disney Company and Zone Enterprises of Maryland, L.L.C. (collectively, "the Parties"), by and through their undersigned counsel, have conferred about how to structure the litigation efficiently, so as to be cognizant of the need for resolution and the resources of the Parties and the Court. As such, the Parties hereby jointly propose the following with respect to this action:

(1) The Parties are in the process of finalizing an agreement that will avoid the need for jurisdictional discovery with respect to The Walt Disney Company.

(2) Discovery shall be bifurcated in two phases. In Phase One, discovery shall be on issues related to whether a violation of the WARN Act occurred, including the issues raised in the Court's May 27, 2011 Memorandum, and shall be limited to those issues as they relate to the named Plaintiffs. The Parties understand and agree that damages issues relating to liability will be included the Phase One discovery and that other related damages issues will also be included in Phase One discovery in the interest of efficiency. Upon the completion of Phase One,

Defendants will have an opportunity to file a dispositive motion as to liability, and Plaintiffs may file a cross-motion.  In the event that the Court denies Defendants' dispositive motion as to liability, Phase Two discovery would proceed.  Phase Two shall be class discovery, expert discovery, if any, and discovery on any remaining damages issues, including but not limited to good faith, facts regarding any payments not covered by Phase I, and subsequent employment (as to employees other than the named Plaintiffs, whose depositions will be taken only once).

(3) The Parties shall complete Phase One discovery by March 16, 2012 and shall submit a status report to the Court on that date.

(4) In Phase One, the Parties shall:  (a) confer about the discovery of electronically stored information by November 30, 2011; (b) move for the amendment of pleadings by December 16, 2011; (c) be limited to 25 hours per side of depositions of fact witnesses (including parties).

(5) The deadline for Defendants to file a dispositive motion after Phase One will be April 18, 2012.

(6) The Parties shall confer about the parameters and timing of discovery in Phase Two, if necessary, within fourteen (14) days of any decision by the Court to deny a dispositive motion as to liability.

Respectfully submitted,

| /s/ Andrew D. Freeman | /s/ Lesley Pate Marlin |
|---|---|
| Andrew D. Freeman, Bar No. 03867 | Ronald W. Taylor, Bar No. 03890 |
| Brooke E. Lierman, Bar No. 17879 | Venable LLP |
| Brown, Goldstein & Levy, LLP | 750 E. Pratt Street, Suite 900 |
| 120 E. Baltimore Street, Suite 1700 | Baltimore, Maryland 21202 |
| Baltimore, Maryland 21202 | (410) 244-7400 |
| (410) 962-1030 | (410) 244-7742 (facsimile) |
| (410) 385-0869 (facsimile) | rwtaylor@venable.com |
| adf@browngold.com | |

| | |
|---|---|
| blierman@browngold.com | Lesley Pate Marlin, Bar No. 16556 |
| | Venable LLP |
| Counsel for Plaintiffs | 575 7th Street, N.W. |
| | Washington, D.C. 20004 |
| | (202) 344-8033 |
| | (202) 344-8300 (facsimile) |
| | lpmarlin@venable.com |
| | |
| | Counsel for Defendants |