Andrew D. Freeman
adf@browngold.com

December 10, 2012

**Via electronic filing**

The Hon. Catherine C. Blake
United States District Court
 for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    *Leonard Gray, et. al. v. The Walt Disney Co., et al.*
              **CCB-10-3000**

Dear Judge Blake:

      I write to respond to defendants' counsel's correspondence filed at Docket No. 63 on Friday evening, December 7. That correspondence raises new arguments and theories and therefore ordinarily should be stricken from the record. Courts generally strike arguments or motions that raise arguments for the first time in reply briefs – let alone supplemental briefs filed five months after briefing has ended. "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Stevens v. Anne Arundel Cnty. Bd. of Educ.*, 2009 WL 3806374 *2 (D. Md. 2009) *quoting Clawson v. FedEx Ground Package Sys.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). Rather than engage in supplementary motions-drafting, however, I will respond briefly to the points that Mr. Taylor raises in his "correspondence."

      First, Mr. Taylor suggests that the Court "assumes that the Restaurant must have paid Plaintiffs 'full pay' in order to have provided appropriate notice under WARN." This mischaracterization puts the cart before the horse. Rather, under the WARN Act, the relevant questions are, first, whether there was been a "plant closing," second, whether there was adequate notice of that plant closing, and third, if not, whether the employees received full pay and benefits. In a circumstance like the one in this case, in which an employer covered by the WARN Act closes a "plant" and that plant closing results in an employment loss, both the Fourth Circuit and the Federal Regulations make clear that the workers who will be terminated must be paid full pay and benefits for 60 days. The undisputed facts show that (1) there was a plant closing, (2) there was not 60 days' notice prior to the plant closing, and (3) the workers would have earned more had they continued to work than Defendants paid them during the 60 days following the notice.

BROWN, GOLDSTEIN & LEVY, LLP

The Hon. Catherine C. Blake
December 10, 2012
Page 2

---

Second, Mr. Taylor argues that the WARN Act does not provide that the Restaurant should have calculated "full pay" by looking either at the final two weeks or at the equivalent weeks during the previous summer. The relevant term in the statute, however, is "back pay." 29 U.S.C. § 2104(a)(1)(A). One of the liquidated damages provisions for back pay is the "final regular rate received by such employee." 29 U.S.C. § 2104(a)(1)(A)(ii). Mr. Taylor is correct that WARN does not define "final regular rate." A plain-meaning interpretation of the statute is to use employees' final paychecks to determine final rate of pay (i.e. the pay they received over the time period encompassed in their final paychecks), rather than using an arbitrary look-back period that also happened to be during an extremely slow period for the Restaurant. Moreover, the statute dictates that each individual's damages be calculated separately ("Any employer who [violates section 2102 shall be liable] to each aggrieved employee who suffers an employment loss . . . 'for back pay for each day of violation at a rate of compensation not less than the higher of . . . ." 29 U.S.C. § 2104(a) (emphasis added)). Therefore, at the stage in proceedings where damages must be calculated, each individual class member will have his or her damages calculated individually, according to the statutory formula. To determine liability, it is enough that the arbitrary calculation chosen by defendants paid plaintiffs less than what they would have earned had they worked throughout the 60-day period.

Finally, by continuing to rely entirely on a non-binding district court decision from California, defendants continue to miss the point concerning damages calculations: the statute clearly articulates that benefits, including those paid under ERISA plans, must be paid, and may not be deducted from damages owed. *See* 29 U.S.C. §§ 2104(a)(1)(B) and (a)(2)(B). Moreover, the clause in the Disney Severance Pay Plan entitled "Payment in Lieu of Notice" is unconscionable, as it explicitly contemplates violating federal law. Despite defendants' attempts to argue otherwise, the language in that section states that it applies if the Restaurant violates the WARN Act by providing less than the required notice.

Thank you for your thoughtful consideration of the pending motions.

Sincerely,

Andrew D. Freeman