# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

LEONARD GRAY, *et al.*,

    Plaintiffs,

v.      Civil No. CCB-10-3000

THE WALT DISNEY COMPANY, *et al.*,

    Defendants.

## **SETTLEMENT AGREEMENT**

Plaintiffs Leonard Gray, Debra Harris, Krystal Payton and Lee Evans ("Plaintiffs"), on their own behalf and on behalf of all former hourly-wage employees at the Baltimore ESPN Zone restaurant who lost their jobs as a result of the closing of that restaurant, that occurred on or about June 16, 2010 (listed on Exhibit A, attached hereto, and collectively referred to as "Class Members" or "the Class"), and Zone Enterprises of Maryland, L.L.C. ("Defendant"), hereinafter referred to collectively as the "Parties," by and through their respective counsel, hereby agree as follows:

WHEREAS, Class Members' employment at the ESPN Zone restaurant in Baltimore ("the Restaurant") was terminated as a result of the closing of the Restaurant;

WHEREAS, on October 25, 2010, Plaintiffs filed a class action complaint against Defendant in the United States District Court for the District of Maryland seeking damages for Defendant's alleged violation of the Worker Adjustment and Retraining Act ("WARN Act");

WHEREAS, counsel for Plaintiffs and Defendant have both thoroughly investigated the facts and circumstances on which the allegations of the Complaint are based and those

surrounding the affirmative defenses that have been asserted through discovery and motions for summary judgment;

WHEREAS, counsel for Plaintiffs and Defendant disagree as to whether the Court was correct in finding that Defendant violated the WARN Act but agree that litigation of the issues involved in this litigation poses significant risk to each of the Parties;

WHEREAS, according to Defendant's records, the Class Members number 141 former employees of Defendant, and as such, Plaintiffs believe that the number of former employees is so numerous as to render joinder of all such persons impracticable;

WHEREAS, Plaintiffs believe that common questions of law and fact are applicable to each Class Member;

WHEREAS, Plaintiffs believe that the WARN Act claims of Plaintiffs and the defenses to their claims are typical of the WARN Act claims of the other Class Members and the defenses to their claims;

WHEREAS, Plaintiffs have engaged counsel who have extensive experience in class action litigation;

WHEREAS, Plaintiffs believe that questions of law and fact common to the members of the proposed Class predominate over questions affecting only individual class members;

WHEREAS, Plaintiffs believe that no Class Member has an interest individually controlling the prosecution of the action;

WHEREAS, to the Parties' knowledge, no other litigation has been brought by any Class Member asserting rights under the WARN Act;

WHEREAS, resolution of the WARN Act litigation in this action will save the resources of the Parties and the Court;

WHEREAS, Plaintiffs believe that management of this action as a class action will be straightforward because the identity of the Class Members and the final hourly wages of each Class Member are known and not in dispute;

WHEREAS, for the purposes of settlement only, the Parties agree that the proposed Class satisfies the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure;

WHEREAS, the Parties agree that this action should be certified as a class action, for settlement purposes only, comprised of the Class Members (all former hourly-wage employees at the Baltimore ESPN Zone Restaurant who (a) lost their jobs as a result of the closing of the Restaurant that occurred on or about June 16, 2010, and (b) do not file a timely request to opt out of the class); and Defendant represents that to the best of its knowledge all Class Members are listed on Exhibit A hereto;

WHEREAS, to avoid additional litigation over these issues, Plaintiffs and Defendant, through their respective counsel, have engaged in significant negotiations regarding the consensual resolution of this class litigation; and

WHEREAS, Plaintiffs and Defendant have agreed to fully and finally compromise, settle and resolve any and all claims, potential claims, actions, causes of action (whether known or unknown), demands, rights, damages, contracts, agreements, representations, losses, damages, costs, expenses (including attorneys' fees and/or costs) and compensation whatsoever that were, or could have been, asserted against Defendant in this WARN Act lawsuit or otherwise arise from or relate to the claims brought in this lawsuit ("Claims");

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the Parties, intending to be legally bound, hereby agree as follows:

1.	This action shall be certified as a class action for settlement purposes only. In the event that Defendant revokes the Settlement Agreement ("Settlement") pursuant to paragraph 10, below, the instant application for certification of a class for settlement purposes shall not be binding on Defendant and shall not be entitled to res judicata or collateral estoppel effect.

2.	For the purposes of this Settlement, the Class shall include all hourly employees of Defendant who lost their jobs as a result of the closing of the Restaurant on June 16, 2010, and who did not file a timely request to opt out of the class. Defendant represents that to the best of its knowledge the Class Members who satisfy this criteria are listed on Exhibit A hereto.

3.	Solely for the purposes of this Settlement, Brown, Goldstein & Levy, LLP shall be appointed class counsel ("Class Counsel") for the Class Members, in connection with the pursuit and resolution of claims against Defendant in this action, and Leonard Gray, Debra Harris, Krystal Payton and Lee Evans shall be appointed as class representatives ("Class Representatives") for the Class Members.

4.	Defendant represents and warrants that, to the best of its knowledge, Exhibit A contains the name of every Class Member who satisfies the class criteria. Defendant agrees to correct the list of names on Exhibit A to the extent that new information warrants such corrections; any such correction or corrections will not result in an alteration of the settlement amount, but Defendant will provide the information necessary for Plaintiffs' counsel to calculate any amount owed to any newly identified Class Members.

5.	In full and final settlement of the Claims, the Parties agree that (i) within 20 days of filing of the Settlement Agreement, Defendant will cause to be issued and sent to Class Counsel a check in the sum of $250,000 payable to Brown Goldstein Levy LLP Attorney Escrow Fund to be held in escrow pending final approval by the Court, and which will be returned to

Defendant in the event that Settlement is disapproved or revoked, and (ii) within 20 days of Class Counsel providing to Defendant a list of the individualized amounts due to Class Members pursuant to the proposed formula, Defendant will cause to be issued and sent to Class Counsel checks in the gross sum of $235,000, less all applicable taxes and other required withholdings, payable to identified Class Members. Defendant's obligation to make payment to Brown, Goldstein & Levy LLP is contingent upon receiving from Class Counsel an executed Substitute IRS Form W9 (to be provided by Defendant).

6. Except for the rights arising out of, provided for or reserved in this Settlement, the Class Members who do not opt out of the Settlement, for and on behalf of themselves and their predecessors, successors, and attorneys ("Releasing Parties"), do, upon entry of a final order approving this Settlement, fully and forever release and discharge Defendant, its members, parent companies, predecessor and successor companies, and all of its and/or their subsidiaries, affiliates, and divisions, and their predecessor and successor companies, and each and all of the former and current assigns, officers, directors, shareholders, agents, employees, partners, insurers, accountants, attorneys, representatives and other agents of and for any such business entities, and all persons acting by, through, under or in concert with any of them ("Released Parties"), of and from any and all Claims.

7. In order to induce Defendant to enter into this Settlement, the Class Representatives and Class Counsel each hereby represent and warrant that to the best of their respective knowledge: (a) there are no pending agreements, transactions or negotiations to which any Class Members or Class Counsel are a party that would render this Settlement or any part thereof void, voidable or unenforceable; (b) this Settlement and all of the terms contained herein do not interfere with any other agreement or contract to which any Class Members (or any of

5

their respective present or former representatives) are a party or by which they are bound; (c) other than the Final Order approving this Settlement, no authorization, consent or approval of any government entity is required to make this Settlement valid and binding upon the Class Members; (d) no claim or loss paid or settled by this Settlement has been previously assigned, sold or transferred (in whole or in part) to any other person or entity or is being pursued in any other action; and (e) the Class Members and Class Counsel have not relied upon any statement, promise, warranty, representation or assurance, oral or written, other than those contained in this Settlement, and the Class Members and Class Counsel have relied exclusively on their own understanding, review, investigation and analysis of all legal matters and factual information and documentation that they have deemed material.

8. In order to induce the Class Members to enter into this Settlement, Defendant hereby represents and warrants that: (a) the execution of this Settlement is duly authorized; (b) there are no pending agreements, transactions or negotiations to which Defendant is a party that would render this Settlement or any part thereof void, voidable or unenforceable; (c) other than the Final Order approving this Settlement, no authorization, consent or approval of any government entity is required to make this Settlement valid and binding upon Defendant; (d) no claim or loss paid or settled by this Settlement has been previously assigned, sold or transferred (in whole or in part) to any other person or entity or is being pursued in any other action; (e) Defendant has not relied upon any statement, promise, warranty, representation or assurance, oral or written, other than those contained in this Settlement, and Defendant has relied exclusively on its own understanding, review, investigation and analysis of all legal matters and factual information and documentation that Defendant has deemed material; and (f) Defendant

6

has full power and legal right and sufficient resources to execute, deliver and perform its obligations under this Settlement.

9. Within five (5) days following the execution of this Settlement, Class Counsel and Defendant shall cause a joint motion to be filed with the Court for an order (a) granting class certification for purposes of settlement only, (b) appointing class representatives and counsel, (c) preliminarily approving this Settlement, (d) approving the form and manner of notice to the Class, and (e) scheduling a fairness hearing for the final approval of the proposed settlement. Class Counsel, through a class action administrator, shall distribute, by first class mail (to the last known addresses contained in Defendant's records and provided by Defendant to Class Counsel) notice to all Class Members in the form approved by the Court.

10. Upon entry of the final order approving this Settlement and the execution of this Settlement by the Parties, this Settlement shall be final and binding; provided however, that notwithstanding any other provision of this Settlement, in the event that Class Members who choose to opt out of the Settlement ("Nonparticipants") have claims with a collective total value that exceeds $10,000, Defendant may revoke the Settlement by providing written notice to Brown, Goldstein & Levy, LLP not later than twenty (20) days after the last day that Class Members may opt out of the Settlement, in which case this Settlement shall be deemed revoked and null and void.

11. The rights and obligations of Nonparticipants will be unaffected by this Settlement, and such Nonparticipants will have the same rights and obligations as the Nonparticipant would have had if this litigation had never been filed and this Settlement had never been executed. A Nonparticipant shall not have any rights against Defendant by reason of this Settlement, and this Settlement shall not be admissible and/or used in any fashion in any

#6980314

action by any Nonparticipant.  Defendant reserves all of its rights and defenses with respect to any Nonparticipant.

12. All amounts to be paid from the Settlement Fund to the Class Members, the Class Representatives and Class Counsel shall be remitted in the form of checks made payable to each recipient and delivered via mail by an Administrator, The Casey Group Ltd. ("the Administrator"), hired and paid by Brown, Goldstein & Levy LLP.  The Administrator shall send the checks made payable to each Class Member to his or her last known address and bear the return address of Class Counsel or the Administrator.  Class Counsel and the Administrator will attempt to locate Class Members whose addresses have changed.  In order to expedite the process, Defendant will provide Class Counsel and/or the Administrator with the last known address, last known telephone number(s), and the Social Security number for each Class Member.  Class Counsel and the Administrator shall keep all such Social Security information strictly confidential, shall not use it for any purpose other than locating Class Members and shall destroy it immediately after using it to attempt to locate Class Members.  During the two year period following approval by the Court of this Agreement, Defendant (or a related entity) will, upon request of the Administrator or Class Counsel, reissue checks for the amounts due to Class Members who did not receive and negotiate their checks prior to the checks becoming void or invalid according to their terms.  The Parties agree that with respect to any funds payable to Class Members who cannot be located by Class Counsel or the Administrator within two (2) years following approval by the Court of this Agreement, the funds will remain the property of the Class Members to whom such funds are payable, and the Parties will seek guidance from the Court as to appropriate disposition of the unclaimed funds.

13. This Settlement shall be binding and inure to the benefit of the predecessors, successors and assigns of the Defendant, Class Counsel, and each Class Member who does not opt out to the fullest extent under law.

14. The Parties acknowledge that this Settlement has been prepared by the joint efforts of the respective attorneys for each of the Parties. Each and every provision of this Settlement shall be construed as though each and every party hereto participated equally in the drafting hereof, and without reference to or application of any rule, precedent, or doctrine to the effect that documents are to be construed against the drafting party.

15. The Parties may not waive, amend, or modify any provision of this Settlement except by a written agreement signed by all of the Parties, and subject to any necessary Court approval. A waiver or amendment of any provision of this Settlement will not constitute a waiver of any other provision.

16. All notices, demands, and other communications to be provided pursuant to this Settlement shall be in writing and delivered by registered or certified mail, return receipt requested and by email, if possible, to the Party receiving such communication at the addresses set forth below, or such other addresses as either Party may designate in writing from time to time: if to Defendant: Ronald W. Taylor, Venable LLP, 750 E. Pratt St., Suite 900, Baltimore, MD 21202, rwtaylor@venable.com; if to Class Representatives: Andrew D. Freeman, Brown, Goldstein & Levy LLP, 120 E. Baltimore Street, Suite 1700, Baltimore, MD 21202, adf@browngold.com.

17. Each Party agrees to take such steps and to execute any documents as may be reasonably necessary or proper to effectuate the purpose and intent of this Settlement and to preserve its validity and enforceability.

18. The validity, interpretation and enforcement of this Settlement and any dispute arising out of the relationship between the Parties, whether in contract, tort, equity or otherwise, shall be governed by the internal laws of the State of Maryland (without giving effect to principles of conflicts of law).

19. The Parties irrevocably consent and submit to the continuing and exclusive jurisdiction of the United States District Court for the District of Maryland with respect to any action instituted arising under this Settlement or in any way connected with or related or incidental to the dealings of the Parties in respect of this Settlement or the transactions related hereto, whether now existing or hereafter arising, and whether in contract, tort, equity or otherwise, and agree that any dispute with respect to any such matters shall be heard only in that court.

20. The Parties each hereby waive any right to trial by jury of any claim, demand, action or cause of action: (a) arising under this Settlement; or (b) in any way connected with or related or incidental to the dealings of the Parties in respect of this Settlement or the transactions related hereto, whether now existing or hereafter arising, and whether in contract, tort, equity or otherwise. The Parties each hereby agree and consent that any such claim, demand, action or cause of action shall be decided by the Court without a jury and that either Party may file an original counterpart or a copy of this Settlement with any court as written evidence of the consent of the Parties to the waiver of their right to trial by jury.

21. This Settlement contains the entire agreement between the Parties with respect to the transactions contemplated hereby, and, on the date upon which the Court enters a Final Order, shall supersede all negotiations, presentations, warranties, commitments, offers, contracts and writings prior to the date hereof relating to the subject matters hereof.

22. This Settlement may be executed by one or more of the Parties on any number of separate counterparts and delivered electronically, and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

23. Within seven (7) business days of entry of a Final Order of the U.S. District Court approving this Settlement, the Parties shall execute a stipulation that Plaintiffs' Complaint is settled and satisfied, and Class Counsel shall promptly file the same with the U.S. District Court. The Parties agree that the U.S. District Court shall retain jurisdiction to supervise and enforce the terms and conditions of this Settlement.

_____      _____
Leonard Gray      For: Zone Enterprises of Maryland, L.L.C.
Date: August \_\_\_, 2013      Date: August \_\_\_, 2013
     Name:_____
     Title:_____

_____
Debra Harris
Date: August \_\_\_, 2013

_____
Krystal Payton
Date: August \_\_\_, 2013

_____
Lee Evans
Date: August \_\_, 2013

11
#6980314