IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |  |
|---|---|---|
| LEONARD GRAY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CCB-10-3000 |
| | ) | |
| THE WALT DISNEY COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE TO FORMER BALTIMORE ESPN ZONE HOURLY-WAGE EMPLOYEES REGARDING PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

To All Hourly-Wage Employees Who Worked at the Baltimore ESPN Zone as of June 16, 2010:

**This notice may affect your legal rights.**
**Please read it carefully.**

Former hourly-wage employees of the Baltimore ESPN Zone filed this lawsuit against The Walt Disney Company and Zone Enterprises of Maryland, L.L.C. challenging the manner in which the employees were terminated upon the closing of the ESPN Zone Restaurant in Baltimore, Maryland in June 2010. If this settlement is approved, The Walt Disney Company will be dismissed from the lawsuit, such that Zone Enterprises of Maryland, L.L.C. ("Defendant") remains as the only Defendant for purposes of this proposed settlement. The employees who filed the lawsuit, and the employees whom they seek to represent, are the "Plaintiffs." The purpose of this notice is to advise you that you have been identified as a possible class member and to advise you of the potential effect this case will have on your rights.

### SUMMARY OF THE CASE

The Plaintiffs allege that Defendant violated the Worker Adjustment and Retraining Notification (WARN) Act when it closed the Baltimore ESPN Zone on June 16, 2010. Defendant denies that allegation. Plaintiffs filed a class complaint on October 25, 2010. The U.S. District Court granted partial summary judgment to Plaintiffs on January 3, 2013, finding that Defendant violated the WARN Act and that Plaintiffs are entitled to damages. On April 26, 2013, Plaintiffs filed a Motion for Class Certification to certify a class of plaintiffs who can proceed with the case and who will recover damages. Plaintiffs seek to recover money that they allege should have been paid to them during the 60 days from June 17, 2010 through August 15, 2010, including any severance payments owed under the Disney Severance Pay Plan. The Court

has not yet determined the amount of damages owed, and Defendant has reserved its right to seek review of the rulings in this case.

Plaintiffs' counsel and Defendant's counsel have thoroughly investigated the facts and circumstances on which the allegations of the Complaint are based and those surrounding the defenses that have been asserted. Plaintiffs' counsel has analyzed the applicable law and weighed the likelihood of success in light of the defenses and arguments raised by Defendant.

## CLASS ACTION RULING

The Court has granted the Parties' motion that this Settlement may, for purposes of settlement only, be agreed to by the representative plaintiffs on behalf of the following "Class":

> **All former hourly-wage employees at the Baltimore ESPN Zone Restaurant who lost their jobs as a result of the closing of that restaurant on June 16, 2010.**

The following description of the proposed Settlement Agreement is only a summary. In the event of any difference between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control. You may secure a copy of the complete Settlement Agreement from class counsel, Brown, Goldstein & Levy, LLP, by using the contact information shown for Brown, Goldstein & Levy, LLP below. The terms of the Settlement Agreement may be summarized as follows:

## THE PROPOSED SETTLEMENT AGREEMENT

In connection with the pursuit and resolution of claims against the Defendant in this action, Brown, Goldstein & Levy, LLP shall be appointed as class counsel and Leonard Gray, Debra Harris, Krystal Payton, and Lee Evans shall be appointed as class representatives.

In full and final settlement of the Claims, defined below, Defendant will pay a total amount of Four Hundred Eighty-Five Thousand Dollars ($485,000) (the "Settlement Fund"), as follows:

(i) Each of the four class representatives will receive $1,250 (a total of $5,000), less all applicable taxes and other required withholdings, in compensation for and recognition of the service each has provided to this case;

(ii) All class members will receive damages based on their proportionate share of $230,000, less all applicable taxes and other required withholdings, based on their proportionate share of the Total Possible Recovery, which will be calculated according to the following formula:

(a) The class member's final hourly rate times the greater of (1) the average hours of his or her final two weeks of work, or (2) the average hours of his or her last three years of work at the Restaurant (if applicable); plus

2

(b)   The amount, if any, of severance pay that the class member might have received under the Disney Severance Pay Plan ("DSPP"); minus

(c)   The amount of 60 days' Notice Pay and DSPP severance pay that the class member received after June 16, 2010.

Each individual class member's proportionate share of the Total Possible Recovery will be calculated as (A) their personal Total Possible Recovery multiplied times (B) their personal Total Possible Recovery divided by the Class's Total Possible Recovery. Class counsel estimates that each class member will receive approximately 70% of his or her Total Possible Recovery. Because 13 class members were paid more in Notice and/or DSPP severance pay than the sum of (a) and (b) above, their Total Possible Recovery is zero, and they will not receive any compensation;

(iii)   Brown, Goldstein & Levy LLP, as class counsel, will receive $250,000 ($235,000 for attorneys' fees and $15,000 for expenses), which class counsel estimates will be less than 70% of the total reasonable fees that have been and will be incurred in prosecuting this case, plus expenses.

The Settlement Agreement provides that, in the event that class members with claims collectively totaling more than $10,000 opt out of the Class, the Defendant may elect to revoke the Settlement, in which case the lawsuit would resume.

The Settlement Agreement will not become effective if the Court does not approve it.

Upon final approval by the Court, the Settlement Agreement will result in the dismissal of the case on the merits and with prejudice as to all class members who do not opt-out and shall release all claims against the Defendant, its members, parent companies, predecessor and successor companies, and all of its and/or their subsidiaries, affiliates, and divisions, and their predecessor and successor companies, and each and all of the former and current assigns, officers, directors, shareholders, agents, employees, partners, members, insurers, accountants, attorneys, representatives and other agents of and for any such business entities, and all persons acting by, through, under or in concert with any of them  ("Released Parties"), of and from any and all claims, potential claims, actions, causes of action (whether known or unknown), demands, rights, damages, contracts, agreements, representations, losses, damages, costs, expenses (including attorneys' fees and/or costs), benefits, and compensation whatsoever which were, or could have been, or may in the future be asserted against the Released Parties or otherwise arise from or relate to the claims brought in this lawsuit.

## RIGHTS AND OBLIGATIONS OF CLASS MEMBERS

If you fall within the definition of the Class, you will automatically become a class member in this lawsuit. If you wish to be a member of the Class in this case, you do not need to do anything further at this time, and you should NOT file an opt-out request. As a class member:

3

- You will be represented by the named class representatives and the attorneys representing the class. You will not be charged for this representation. After first agreeing on a settlement for the class, the lawyers for the Plaintiffs and Defendant negotiated what they believe to be reasonable fees and expenses for Defendant to pay Plaintiffs' counsel, which must be approved by the Court. However, you may enter an appearance through your own attorney by mailing a Notice of Appearance to the U.S. District Court of Maryland, 101 W. Lombard Street, Baltimore, Maryland 21201. You may also move the Court for permission to appear as named class co-representative.

- You will receive notice of any ruling affecting your membership in the class and notice of any proposed settlement or dismissal of class claims or any judgment rendered.

- You will be bound by any judgment or other final disposition of the class lawsuit, whether that disposition is favorable or not.

- You will participate, upon meeting any prerequisites set by the Court, in a distribution of any monetary damages recovered in the litigation.

- You should notify class counsel, by e-mail to npughsley@browngold.com, or by calling Nira Pughsley at 410-962-1030, of your address and e-mail address, and any change of address.

- You will be deemed to have consented to the Defendant's disclosing certain personally identifiable information about you from Defendant's records to class counsel so they may represent you and determine the amount of any refund or monetary recovery to which you may be entitled.

## ELECTION NOT TO PARTICIPATE IN CLASS ACTION ("OPTING OUT")

If you want to be excluded from the Class, you must send a written notice of your intent to exclude yourself from the Class, with the information requested below, by **mail postmarked no later than _____**, to:

> Brooke E. Lierman
> Re: ESPN Zone Class
> Brown, Goldstein & Levy, LLP
> 120 E. Baltimore Street, Suite 1700
> Baltimore, Maryland 21202

Please include your full name, your current mailing address, phone number, e-mail address, and a statement that you wish to be excluded from the *Leonard Gray, et al. v. The Walt Disney Company, et al.* Settlement.

The Opt-Out Form must be received by Brown, Goldstein & Levy LLP **no later than _____**. All requests for exclusion received after that date will not be effective, and any

person who sends a late request will be a member of the Class and (provided that the Settlement Agreement is approved) bound by the terms of the Settlement Agreement and the releases contained in that agreement.

The choice to exclude yourself from the Class has certain consequences, and you may wish to consult an attorney regarding this choice. If you elect to be excluded: (1) you will not be bound by any judgment in the case and will retain any claims you may have against the Defendant, subject to applicable statutes of limitations, and (2) you will not share in any monetary recovery that might be paid.

## FINAL HEARING TO CONSIDER APPROVAL OF SETTLEMENT AGREEMENT AND AWARD OF ATTORNEYS' FEES

The hearing for final consideration of approval of the Settlement Agreement and the award of attorneys' fees to Class Counsel is scheduled to take place before the Hon. Catherine C. Blake, United States District Court Judge, on **November 13**, 2013, at **2:15** (A.M./P.M.) in Courtroom 7D of the United States District Court for the District of Maryland, 101 West Lombard Street, Baltimore, Maryland 21201.

## ADDITIONAL INFORMATION

If you have any questions concerning the matters in this notice, or if you have corrections or changes to your name or address (so future notices about this case will reach you), please contact plaintiffs' counsel at bel@browngold.com or call 410-962-1030. You may speak to Brooke Lierman or Nira Pughsley. DO NOT CALL OR WRITE THE COURT concerning this matter.

The pleadings in this case may be examined and copied any time during the regular office hours in the office of the Clerk of the Court at 101 West Lombard Street.

August **23**, 2013

The Honorable Catherine C. Blake
United States District Judge

5